## C. S. COUNTS *v.* WM. KITCHEN.

[Abstract Kentucky Law Reporter, Vol. 6—216.]

**Statute of Limitations.**

An action for relief from fraud or mistake must be brought within five years after the right of action accrues, but such a cause of action does not acrue until the discovery of the fraud or mistake; but no such action can be brought ten years after the making of the conveyance or the perpetration of the fraud.

**Mistake in Conveyance.**

Where by the mistake of one who draws a deed there is conveyed more than double the number of acres intended by the parties, a court of equity will correct the deed. Where a statement in a deed says "containing one hundred acres, more or less," it can not reasonably be believed that it was intended by the term "more or less" to provide for an excess of more than double the quantity named.

APPEAL FROM CARTER CIRCUIT COURT.

September 9, 1884.

OPINION BY JUDGE HOLT:

Whether the sale of the land in question was by the acre or in gross, the testimony clearly shows that both the appellant, C. S. Counts, and the appellee, Wm. Kitchen, as well as the intermediate

vendors and vendees, understood and supposed that there was but one hundred acres of it, or near that quantity. This is confirmed by the recitation in the deed from the appellant to the appellee, where it says "containing one hundred acres, more or less." It can not reasonably be believed that they intended by the terms "more or less" to provide for an excess of more than double the quantity named.

In the language of this court in another case, it is more than "might be reasonably calculated on as within the range of ordinary contingency."

It is clearly shown by the testimony that the appellant, Counts, sold to A. J. Wilborn but one hundred acres; that the latter sold the same land to George Littleton and he to Milton Salsberry; and the appellee Kitchen admits in his answer, as is also shown by the evidence, that he bought from Salsberry the same land that the appellant had sold to Wilborn.

Moreover, while Salsberry owned it he had it surveyed, and then marked the lines. The draftsman of the deed made by the appellant, Counts, to the appellee, Kitchen, so wrote it, however, that it embraces two hundred forty-one acres. This is admitted by the pleadings; and the testimony showing it to have been a mistake is of an entirely satisfactory character. It would be inequitable to permit the appellee to profit so largely by it; and it is one of the ends of equity to afford relief in such a case unless the neglect of the sufferer and limitation forbid it.

By our statute an action for relief from fraud or mistake must be brought within five years after the accrual of the cause of action, but it does not accrue until the discovery of the fraud or mistake; and no action can be brought ten years after the making of the conveyance or the perpetration of the fraud. When properly construed the statute means that the cause of action does not accrue until the discovery of the fraud or mistake or until it could have been discovered by ordinary diligence.

In this case the deed was made on October 10, 1870. This action was brought on February 11, 1878, and the testimony discloses that the appellee did not discover the mistake in the deed until within five years before this suit was brought; and the state of case shown does not authorize us to hold that the appellant would have discovered it before by the exercise of ordinary diligence. He

had no grounds to suspect it; nothing to put him upon notice. It was wild land, and unimproved beyond the limits of the one hundred acres that he had sold. The parties who had derived their right to it through him had made no improvements beyond the line marked by Salsberry, when he was the owner of it; and nothing had occurred to prompt the appellant to take any steps to ascertain the true quantity embraced by the deed.

The survey made by James W. Thompson for Salsberry, when the latter was the owner of the land, and which is copied in the report of the survey made by Winfield Scott on August 23, 1879, fully described the land sold by the appellant and fixed the quantity at one hundred one acres; but as the survey made by J. W. Scott in April, 1874, is slightly different and fixed the quantity at one hundred sixteen acres, and as the appellant has consented in his reply to the latter being regarded as the true one, the appellee may elect which survey he will accept; and the judgment below is *reversed* with directions to reform the deed to the appellee according to the election he may make as above indicated, and if he refuses or fails to so elect then the deed will be reformed by the judgment so as to conform to said Thompson survey, and canceled as to any land described in it in excess of that embraced by the survey last named, as it was made by the appellee's vendor and recognized by all the parties as correct.

*Wm. Bowling, E. F. Dulin, for appellant.*

*J. R. Botts, for appellee.*